| WOODARD, J.,
dissenting.
I respectfully dissent from that portion of the majority’s decision which failed to award penalties for non-payment of compensation benefits and attorney’s fees.
In Gibson v. Dynamic Indus., Inc., 96-1605, p. 5 (La.App. 3 Cir. 4/2/97); 692 So.2d 1320,1323, we stated:
It is settled that a workers’ compensation claimant is entitled to penalties and attorney’s fees if benefits are withheld or terminated arbitrarily, capriciously, or without reasonable cause by the employer. La.R.S. 23:1202 and La.R.S. 23:1201.2; Paul v. Bonin, 95-1236 (La. App. 3 Cir. 8/7/96), 678 So.2d 627, writ denied, 96-2221 (La.11/15/96), 682 So.2d *654 769. “The test to determine if the employer has fulfilled its duty is whether the employer or his insurer has sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant.” Paul v. Bonin, 678 So.2d at 632.
Kevin Williams of LI testified as to why benefits were not paid to Wells. He stated that Dr. Cooper’s reports indicated that Wells could return to work under specific conditions; therefore, he was not entitled to any benefits. He did not testify | ¡¡that he considered any other medical reports. LI relied on the opinion of Dr. Cooper in denying paying Wells the compensation and medical benefits he was entitled to receive. It continued to rely on Dr. Cooper’s opinion, despite the opinion of Dr. Nelson and the written conclusion of the Assistant Secretary of the Louisiana Department of Labor, Office of Worker’s Compensation Administration, who believed that the accident of March 30, 1995 was causally related to the injury which Wells had suffered earlier.
Li’s blind reliance on Dr. Cooper’s opinion was unreasonable in light of the contrary opinions of Dr. Nelson and Ronald Melville. Most significantly, Dr. Cooper blamed Wells’ blackouts on a heart condition, completely ignoring the battery of tests performed at the hospital in September of 1994 and March of 1995 which ruled out the possibility that a heart problem caused the blackouts. Moreover, LI ignored and did not investigate Dr. Nelson’s reports in which he corresponded with LI and AIG Claims Service, informing them of his treatment of Wells and submitting his bills. The only acknowledgement of Dr. Nelson’s reports and bills came from AIG Claims Services, dated October 13, 1995, which stated that the claim had been denied and that they would not be responsible for any bills as of February 10, 1995.
The supreme court stated, “[i]f, subsequent to an initial optimistic report, an insurer receives medical information indicating continuing disability, the insurer may not blindly rely upon the earlier report to avoid penalties for arbitrary nonpayment of compensation benefits. Walker v. Gaines P. Wilson & Son, Inc., 340 So.2d 985, 988 (La.1976).” Johnson v. Insurance Co. of N. Am., 454 So.2d 1113, 1117 (La.1984). Notwithstanding, this is exactly what LI did. Thus, its refusal to pay Wells’ compensation benefits and medical expenses, without reasonable contrary medical evidence, I feel warranted the imposition of penalties and attorney fees.
La.R.S. 23:1201(F) states:
Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim.
¡¡¡Because of Li’s unreasonable failure to timely pay compensation benefits within fourteen days, as required by La.R.S. 23:1201(B), and medical benefits to Wells within sixty days, as required by La.R.S. 23:1201(E), I submit that we should assess a total penalty of $4,000.00. See LeJeune v. Trend Services, Inc., 96-550 (La.App. Cir. 3 6/4/97); 699 So.2d 95. (Claimant entitled to an award of maximum penalty of $2,000.00 for failure to timely pay any and all compensation benefits and one maximum penalty of $2,000.00 for failure to timely pay any and all medical benefits.) Additionally, attorney’s fees should be awarded for the litigation below and for this appeal.